**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| PRAMCO II, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CHEYENNE WATER SERVICE, INC.,<br>KEVIN GREAVES EVELYN GREAVES,<br>THE HEIRS OF FLEAVIOEUS<br>GREAVES a/k/a FLEAVIOUS<br>GREAVES; being SHAMAR GREAVES,<br>ANDREA JASTON, CHAYANNA<br>GREAVES and "JOHN DOE", being<br>anyone claiming interest in<br>Parcel No. 19H Estate Mandahl,<br>No. 1 Great Northside Quarter,<br>St. Thomas, U.S. Virgin<br>Islands and THE ISLAND BLOCK<br>CORPORATION AND THE VIRGIN<br>ISLANDS BUREAU OF INTERNAL<br>REVENUE,<br><br>        Defendants. | Civ. No. 2003-2 |

**ATTORNEYS:**

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff*

**Kevin Greaves**
St. Thomas, U.S.V.I.
    *Pro se*

**Evelyn Greaves**
St. Thomas, U.S.V.I.
    *Pro se*

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 2

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For the defendant Island Block Corp.*

**Tamika Archer, AAG**
St. Thomas, U.S.V.I.
    *For the defendant Virgin Islands Bureau of Internal Revenue*

### MEMORANDUM OPINION

**Gómez, C.J.**

Before the Court is the motion of defendant Shamar Greaves to dismiss the complaint of Pramco II, LLC ("Pramco") for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim.

### I. Factual Background

On July 28, 2004, this Court entered a Judgment in favor of Pramco and against Cheyenne Water Service, Inc. ("Cheyenne"), Fleavioeus Greaves a/k/a Fleavious Greaves ("Fleavioueus Greaves"), Evelyn Greaves, and Kevin Greaves in the amount of $215,032.52. All liens on the property were foreclosed, and the property was ordered to be sold at a Marshal's sale.

On May 10, 2005, Pramco filed a motion to set aside the judgment and to amend the complaint pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] In support of its motion,

---

[1] In its motion, Pramco also requested that the Court grant it the opportunity to file an amended complaint. Pramco also requested service by publication on Island Block.

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 3

Pramco stated that V.I. CODE ANN. tit. 28, § 532 requires all subordinate lienholders to be named as parties in an action for foreclosure on property. Pramco further stated that it was only after performing a title search update for purposes of executing its judgment that it became aware of junior liens whose holders were not joined as parties in the action.

Those liens include: (1) a December 1, 1997, writ of execution in favor of Island Block Corporation ("Island Block") against Fleavioeus Greaves d/b/a Cheyenne Trucking recorded on that same day, (2) a November 28, 1997, writ of execution recorded in favor of Island Block and against Fleavioeus Greaves d/b/a Cheyenne Trucking on December 1, 1997, (3) two liens dated April 16, 1998 lien against Fleavioeus Greaves d/b/a Cheyenne Trucking in favor of the Virgin Islands Bureau of Internal Revenue ("VIBIR") recorded on May 19, 1998, and (4) a June 22, 1998 lien against Fleavioeus Greaves d/b/a Cheyenne Trucking recorded on July 7, 1998. Thus, Pramco averred that because the Judgment fails to include all subordinate lienholders, the Court should set aside the judgment.

By order dated August 5, 2005, and entered August 8, 2005 (the "August 8, 2005 order"), the Magistrate Judge granted Pramco's motion and set aside the judgment for the sole purpose of allowing Pramco to amend the complaint to add junior

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 4

lienholders. That order stated, in relevant part:

> The Judgment is hereby set aside solely for the purpose of allowing Pramco II to amend its complaint and join the Island Block Corporation and the Virgin Islands Bureau of Internal Revenue in accordance with 28 V.I.C. § 522. No other aspect of the judgment is vacated.

(Order, August 8, 2005.)

On May 24, 2007, the Court held a status conference in this matter. At the conclusion of the status conference, the Court ordered the parties to submit briefs on how to proceed on Fleavioeus Greaves and the absence of junior lienholders.

On August 17, 2007, Pramco filed a suggestion of death for Fleavioeus Greaves.[2] No briefing was submitted on how the Court should proceed in the absence of the junior lienholders. Thereafter, on September 17, 2007, Pramco filed a motion to substitute Fleavioeus Greaves' heirs, Shamar Greaves, Andrea Jaston, and Chayanna Greaves, and John Doe (anyone having interest in the property) for Fleavioeus Greaves. The Magistrate Judge granted that motion by Order dated October 5, 2007.

On April 4, 2008, Shamar Greaves filed the instant motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative for failure to state a claim

---

[2] Fleavioeus Greaves' death certificate indicates that he passed on March 3, 2007.

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 5

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Numerous procedural and substantive issues have been presented by the facts as outlined above. The Court will address each in turn.

## II. Discussion and Analysis

### A. Authority of Magistrate Judge

Federal Magistrate Judges derive their authority from the Federal Magistrates Act. *See* 28 U.S.C. § 636 *et. seq*. "In general, a Magistrate Judge, without the consent of the parties, has the power to enter orders which do not dispose of the case." *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); *see also* Fed. R. Civ. P. 72 (providing guidelines for distinguishing between dispositive and non-dispositive motions).

A Magistrate Judge can adjudicate dispositive matters only upon consent of the parties, or by special designation of the district court. *See* 28 U.S.C. § 636 (c)(1); *see also Perez v. Sec'y of Health and Human Serv.*, 881 F.2d 330, 336 (6th Cir. 1989)("While the Federal Magistrates Act is intended to ease the burden on the district courts, it is not intended to permit the court to abdicate its obligations.").

Absent consent by all parties, dispositive matters such as Pramco's motion to set aside the July 28, 2004, Judgment may only be resolved by a district judge. *See* 28 U.S.C. § 636(c)(1); *Chase*

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 6

*Manhattan Bank, N.A. v. Stapleton*, Civ. No. 1993-29, 2008 WL 2235336, *2 (D.V.I. May 29, 2008) (holding that a magistrate judge is without authority to set aside the judgment of a district court); *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 816 n. 2 (3d Cir. 1992) (explaining that a magistrate judge may not resolve dispositive matters unless all parties to the litigation consent); *Parks By and Through Parks v. Collins*, 761 F.2d 1101, 1105-07 (5th Cir. 1985) (holding that the magistrate judge lacked authority to decide a Rule 60(b) motion to set aside a default judgment entered by a district judge absent consent of the parties and a referral by the district court); *cf. Taylor v. Nat'l Group of Co.'s, Inc.*, 765 F. Supp. 411, 413-14 (N.D. Ohio 1990) ("It is simply not the case that a magistrate's jurisdiction is, by fiat, somehow merged with that of the district judge to an extent sufficient to vest the magistrate with the authority to reconsider and set aside or alter prior decisions of the district judge.").

There is no evidence in the record that the parties consented to the authority of the Magistrate Judge to set aside the July 28, 2004, Judgment.  As such, the Magistrate Judge was without authority to set aside the July 28, 2004, Judgment, or any portion of it. *See, e.g., Stapleton*, 2008 WL 2235336, at *2 (finding that the magistrate judge lacked jurisdiction to set

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 7

aside a judgment by the district court where there was no evidence of a referral or consent by the parties in the record).

Accordingly, the Court will vacate the August 8, 2005, order and review the motion to set aside *de novo*. *Collins*, 761 F.2d at 1107 ("Should the district court conclude no such authority existed, it would then be proper for it to vacate the magistrate's order and proceed to decide the motions anew.").

**B. Pramco's motion to set aside July 28, 2004, Judgment**

A party may move to set aside an order or judgment of the Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion to set aside a judgment under Rule 60(b) is committed to the sound discretion of the Court.

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 8

*Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1989). Moreover, relief under Rule 60(b) is "to be granted only in exceptional circumstances." *Allstate Ins. Co. v. Kelly*, Civ. No. 05-276J, 2006 WL 1120674, *2 (W.D. Pa. 2006) (citing *Boughner v. Sec'y of Health*, *Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)); *see also Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795 (7th Cir. 1980) ("Rule 60(b) is to be used to disturb the finality of judgments only on narrow grounds and upon a showing of exceptional circumstances.").

Pramco claims that "a mistake was made in that the original title search failed to reveal the existence of these subordinate liens." (Mot. to Set Aside, p. 6.) As such, Pramco argues that the Judgment should be set aside.

Rule 60(b) provides for relief from a judgment where there is a mistake. Fed. R. Civ. P. 60(b)(1). Pramco's failure to name subsequent lienholders as defendants in this action, as required by V.I. C<small>ODE</small> A<small>NN</small>. tit. 28, § 532, is not the type of mistake that is contemplated by Rule 60(b)(1). *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against"); *see also Shaw v. AAA Eng'g & Drafting Inc.*, No. 03-6252, 2005 U.S. App. LEXIS 10947 (10th Cir. Jun. 8, 2005)

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 9

(unpublished) (noting that because Rule 60(b) allows a court to relieve a party from final judgment, "Rule 60(b) does not provide a mechanism to amend a judgment in order to join additional parties").

Similarly, Pramco's lack of diligence in ascertaining junior lienholders prevents it from seeking relief under Rule 60(b)(1). *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004) ("[W]here a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect'.").

**C. Pramco's motion for substitution of parties**

On September 17, 2007, Pramco moved pursuant to Rule 25 of the Federal Rules of Civil Procedure to substitute parties in this action. The Magistrate Judge granted Pramco's motion on October 9, 2007.

The Court is not aware of nor has Pramco provided any authority for the Court to grant substitution of parties more than three years after entry of final judgment in this matter, and where that judgment was entered during the deceased party's lifetime. Indeed, Rule 25 provides substitution within a required time and dismissal of the deceased party if substitution

*Pramco v. Cheyenne*
Civ. No. 2003-2
Memorandum Opinion
Page 10

is not made within that time. *See* Fed. R. Civ. P. 25(a)(1).[3]

Clearly a party cannot be dismissed from an action where a final judgment was entered in the party's lifetime. As such, the relief Pramco seeks is without basis in law and must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will vacate the Magistrate Judge's August 8, 2005, and October 9, 2007, orders. The Court will deny Pramco's Rule 60(b) motion and its motion for substitution of parties. Accordingly, all documents affected by this ruling will be stricken from the record. An appropriate order follows.

                                           **s/**_____
                                            **Curtis V. Gómez**
                                            **Chief Judge**

---

[3] Rule 25 provides in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).