```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

NORTHFIELD TRUST (ACM)[†],            )
                                                   )
        Plaintiff,            )
                                                 )
        v.                    )
                                                 )   Civil No. 2003-02
CHEYENNE WATER SERVICE, INC.,         )
FLEAVIOEUS GREAVES, KEVIN             )
GREAVES, EVELYN GREAVES, SHAMAR       )
GREAVES, ISLAND BLOCK                 )
CORPORATION, and THE VIRGIN           )
ISLANDS BUREAU OF INTERNAL            )
REVENUE                               )
                                               )
        Defendants.           )

ATTORNEYS:

**Richard H. Dollison, Esq.**
Law Offices of Richard H. Dollison PC
St. Thomas, VI
    *For the plaintiff, Northfield Trust (ACM),*

**Autumn S. Harrell, Esq.**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, VI
    *For the defendant Shamar Greaves,*

**Kevin Greaves**
    *Pro se defendant,*

**Evelyn Greaves**
    *Pro se defendant,*

**Cheyenne Water Services, Inc.**
    *Unrepresented entity defendant,*

**James M. Derr, Esq.**
Law Offices of James M. Derr
St. Thomas, VI
    *For the defendant Island Block Corporation,*

---

[†] Northfield Trust (ACM) was substituted for Pramco II, LLC pursuant to Fed. R. Civ. P. 25.

**Vincent Frazer, Attorney General**
**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
> *For the defendant the Virgin Islands Bureau of Internal Revenue,*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Northfield Trust (ACM) ("Northfield") for leave to execute on the judgment.

This case was filed by Pramco II, L.L.C. ("Pramco") on January 9, 2003. The complaint alleged that Fleavioeus Greaves, Evelyn Greaves, Kevin Greaves (collectively the "Greaves"), and Cheyenne Water Services, Inc. ("Cheyenne") were in default on a note, and that the note was secured by a mortgage on real property in the Virgin Islands. On April 22, 2003, Fleavioeus Greaves appeared *pro se* and filed an answer. Cheyenne, Evelyn Greaves, and Kevin Greaves did not answer or appear. On June 16, 2003, Pramco moved for summary judgment.

The Clerk entered default against Kevin Greaves, Evelyn Greaves, and Cheyenne on June 20, 2003.

Thereafter, on July 27, 2004, the Court granted Pramco's motion for summary judgment. The Court entered a judgment against the Greaves and Cheyenne in the amount of $215,032.52

Case: 3:03-cv-00002-CVG-RM Document #: 77 Filed: 04/07/14 Page 3 of 7

Northfield Trust v. Greaves, et al.
Civ. No. 2003-02
Order
Page 3

plus interest accruing at 4% thereafter, plus $2,500 in attorney's fees and costs.

The July 27, 2004, Judgment also foreclosed on Pramco's liens against real property belonging to the Greaves and Cheyenne. That property was described in the Judgment as Parcel No. 19H Estate Mandahl, No. 1 Great Northside Quarter, St. Thomas, U.S. Virgin Islands (the "Property"). The July 27, 2004, Judgment ordered that the Property be sold by the United States Marshal and the proceeds be applied toward satisfaction of the Judgment, including costs and attorney's fees, and the costs of maintaining the Property.

Pramco foreclosed on the Property. Subsequently, Pramco discovered that there were additional subordinate lien holders that had to be named as defendants. On May 10, 2005, Pramco filed a motion to set aside the July 27, 2004, Judgment in order to be allowed to amend their complaint. The Magistrate Judge, on August 5, 2005, purported to set aside the Judgment "solely for the purpose of allowing Pramco to amend its complaint and join the Island Block Corporation and the Virgin Islands Bureau of Internal Revenue in accordance with 28 V.I.C. § 522. No other aspect of the [J]udgment [was] vacated." (ECF No. 28.)

On March 3, 2007, Fleavioeus Greaves passed away. Thereafter, Pramco filed a suggestion of death. On September

Northfield Trust v. Greaves, et al.
Civ. No. 2003-02
Order
Page 4

17, 2007, Pramco filed a motion to substitute Fleavioeus Greaves's heirs for Fleavioeus Greaves.  Shamar Greaves appeared through an attorney and filed a motion to dismiss.

On August 1, 2008, the Court vacated the Magistrate Judge's August 5, 2005, Order, thereby reinstating in total the July 27, 2004, Judgment.  The Court further denied Pramco's motion to set aside the Judgment and Pramco's motion for substitution of parties.

On February 19, 2013, Pramco assigned its interest in the July 27, 2004, Judgment to Northfield. Thereafter, on September 4, 2013, Pramco filed a motion to substitute Northfield as the plaintiff in this matter.  Magistrate Judge Ruth Miller granted Pramco's motion to substitute on September 27, 2013.

Northfield filed a motion to execute upon the July 27, 2004, Judgment on September 13, 2013.

"Under Rule 69(a) of the Federal Rules of Civil Procedure, a federal court must follow relevant state law in a proceeding to execute on a judgment, unless a federal statute dictates otherwise." *Schreiber v. Kellogg*, 50 F.3d 264, 267 (3d Cir. 1995).[1]  No federal statute governs the execution of local

---

[1] Federal Rule of Civil Procedure 69(a) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69.

Case: 3:03-cv-00002-CVG-RM   Document #: 77   Filed: 04/07/14   Page 5 of 7

Northfield Trust v. Greaves, et al.
Civ. No. 2003-02
Order
Page 5

default and foreclosure judgments. As such, the Court looks at Virgin Islands law to determine whether Northfield may execute on the July 27, 2004, Judgment.

The Court notes that the July 27, 2004, Judgment is, as of the date of this order, over nine years old. A judgment in the Virgin Islands has a lifespan of twenty years, and thus it may be enforced within that time frame. *See* V.I. CODE ANN., tit. 5, § 31(1)(B); *Creque v. Creque*, 19 V.I. 408, 1983 WL 889868, *4 (Terr. Ct. 1983). "Title 5, section 488 of the Virgin Islands Code ("Section 488") requires that a judgment creditor seeking execution five or more years after entry of the judgment must obtain leave of the court by motion." *Chase Manhattan Bank N.A. v. Stapleton*, Civ. No. 1993-29, 2008 WL 2995349, at *2 (D.V.I. July 31, 2008). The statute does not permit the Court to grant leave to execute a judgment after five years unless:

1) The party in whose favor a judgment was given shall file a motion with the clerk of the court where the judgment was entered for leave to issue an execution. The motion shall state the names of the parties to the judgment, the date of its entry, and the amount claimed to be due thereon, or the particular property on which the possession was thereby adjudged to such party remaining undelivered. The motion shall be subscribed and verified in like manner as a complaint in an action.

2) At any time after filing such motion the party may cause a summons to be served on the judgment debtor in like manner and with like effect as in an action. In case such judgment debtor is dead,

> the summons may be served upon his representative by publication as in the case of a non-resident, or by actual service of the summons.
>
> 3) The summons shall be substantially the same as in an action, but instead of a notice therein required it shall state the amount claimed or the property sought to be recovered, in the manner prescribed in subdivision (1) of this section.
>
> 4) The judgment debtor, or his representatives in case of his death, may file an answer to such motion within the time allowed to answer a complaint in an action, alleging any defense to such motion which may exist. If no answer is filed within the time prescribed the motion shall be allowed of course.
>
> 5) The word "representative" in this section shall be deemed to include any or all of the persons mentioned in subdivision (2) of section 473 of this title, in whose possession property of the judgment debtor may be which is liable to be taken and sold or delivered in satisfaction of the execution and not otherwise.
>
> 6) The order shall specify the amount for which execution is to issue, or the particular property possession of which is to be delivered; it shall be entered in the minutes and docketed as a judgment.

V.I. CODE ANN. tit. 5, § 488.

The Court has reviewed the docket, and there is no indication that any defendant was ever served with a summons as required by Section 488. Thus, the defendants have not had the opportunity to respond as contemplated in Section 488.

The premises considered, it is hereby

Northfield Trust v. Greaves, et al.
Civ. No. 2003-02
Order
Page 7

  **ORDERED** that Northfield's motion to execute on the Judgment is **DENIED** without prejudice.

              S\_____
               **Curtis V. Gómez**
               **District Judge**