```
                IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN
```

NORTHFIELD TRUST (ACM)†,      )
                              )
        Plaintiff,             )
                              )
     v.                        )
                              )    Civil No. 2003-02
CHEYENNE WATER SERVICE, INC., )
FLEAVIOEUS GREAVES, KEVIN     )
GREAVES, EVELYN GREAVES, SHAMAR )
GREAVES, ISLAND BLOCK         )
CORPORATION, and THE VIRGIN   )
ISLANDS BUREAU OF INTERNAL    )
REVENUE                       )
                              )
        Defendants.            )
_____)

**APPEARANCES:**

**Richard H. Dollison, Esq.**
Law Offices of Richard H. Dollison PC
St. Thomas, VI
    *For the plaintiff, Northfield Trust (ACM),*

**Autumn S. Harrell, Esq.**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, VI
    *For the defendant Shamar Greaves,*

**Kevin Greaves**
    *Pro se defendant,*

**Evelyn Greaves**
    *Pro se defendant,*

**Cheyenne Water Services, Inc.**
    *Unrepresented entity defendant,*

**James M. Derr, Esq.**
Law Offices of James M. Derr
St. Thomas, VI
    *For the defendant Island Block Corporation,*

---

† Northfield Trust (ACM) was substituted for Pramco II, LLC pursuant to Fed. R. Civ. P. 25.

**Claude Walker, Attorney General**
**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the defendant the Virgin Islands Bureau of Internal Revenue.*

## ORDER

**GÓMEZ, J.**

Before the Court is the petition of Northfield Trust (ACM) for leave to execute on a July 27, 2004, judgment which was entered by the Court in this matter.

### I.     FACTUAL AND PROCEDURAL HISTORY

This case was filed by Pramco II, L.L.C. ("Pramco") on January 9, 2003. The complaint alleged that Fleavioeus Greaves, Evelyn Greaves, Kevin Greaves (collectively the "Greaves"), and Cheyenne Water Services, Inc. ("Cheyenne") were in default on a note, and that the note was secured by a mortgage on real property in the Virgin Islands. On April 22, 2003, Fleavioeus Greaves appeared *pro se* and filed an answer. Cheyenne, Evelyn Greaves, and Kevin Greaves did not answer or appear. On June 16, 2003, Pramco moved for summary judgment.

The Clerk entered default against Kevin Greaves, Evelyn Greaves, and Cheyenne on June 20, 2003.

Thereafter, on July 27, 2004, the Court granted Pramco's motion for summary judgment. The Court entered a judgment against the Greaves and Cheyenne in the amount of $215,032.52

plus interest accruing at 4% thereafter, plus $2,500 in attorney's fees and costs.

The July 27, 2004, Judgment also foreclosed on Pramco's liens against real property belonging to the Greaves and Cheyenne. That property was described in the Judgment as Parcel No. 19H Estate Mandahl, No. 1 Great Northside Quarter, St. Thomas, U.S. Virgin Islands (the "Property"). The July 27, 2004, Judgment ordered that the Property be sold by the United States Marshal and the proceeds be applied toward satisfaction of the Judgment, including costs and attorney's fees, and the costs of maintaining the Property.

Subsequently, Pramco discovered that there were additional subordinate lienholders. On May 10, 2005, Pramco filed a motion to set aside the July 27, 2004, Judgment in order to be allowed to amend its complaint. On August 5, 2005, the Magistrate Judge purported to set aside the Judgment "solely for the purpose of allowing Pramco to amend its complaint and join the Island Block Corporation and the Virgin Islands Bureau of Internal Revenue in accordance with 28 V.I.C. § 522. No other aspect of the [J]udgment [was] vacated." *Order*, August 8, 2005, ECF No. 28.

On March 3, 2007, Fleavioeus Greaves passed away. Thereafter, Pramco filed a suggestion of death. On September 17, 2007, Pramco filed a motion to substitute Fleavioeus Greaves's

heirs--Shamar Greaves, Andrea Jaston, and Chayanna Greaves[1]--for Fleavioeus Greaves. Shamar Greaves filed a motion to dismiss.

On August 1, 2008, the Court vacated the Magistrate's August 5, 2005, Order because that order exceeded the Magistrate's authority. The August 1, 2008, Order reinstated the July 27, 2004, Judgment. The Court also denied Pramco's motion to set aside the Judgment and Pramco's motion for substitution of parties.

On February 19, 2013, Pramco assigned its interest in the July 27, 2004, Judgment to Northfield Trust (ACM) ("Northfield"). Thereafter, on September 4, 2013, Pramco filed a motion to substitute Northfield as the plaintiff in this matter. The Magistrate Judge granted Pramco's motion to substitute on September 27, 2013.

On September 13, 2013, Northfield filed a motion for leave to execute upon the July 27, 2004, Judgment. In an April 7, 2014, order, the Court denied Northfield's motion for leave to execute. The Court found that Northfield had failed to serve all required parties pursuant to Title 5, Section 488 of the Virgin Islands Code.

On March 13, 2015, Northfield moved to effect service by publication. Northfield stated that it was unable to locate

---

[1] Pramco also sought to substitute John Doe, representing any unknown heirs.

Andrea Jaston and Chayanna Greaves despite diligent efforts. The Magistrate Judge granted Northfield's motion for leave to effect service by publication. In particular, the Magistrate ordered that "[s]ervice upon Andrea Jaston and Chayanna Greaves shall be made by publication in *The Virgin Islands Daily News* for not less than once a week for four consecutive weeks[.]" ECF No. 90 at 2.

On May 1, 2018, Northfield filed proof that it had effected service on Andrea Jaston and Chayanna Greaves via publication in *The Virgin Islands Daily News* on February 24, 2018; March 3, 2018; March 10, 2018; and March 17, 2018.

` On August 10, 2018, in a filing entitled *Notice of No Response to Corrected Service*, Northfield states that the judgment debtors did not respond to Northfield's attempt to effect service via publication in *The Virgin Islands Daily News*. Finally, Northfield petitioned the Court to allow it to execute on the July 27, 2004, Judgment.

## II. ANALYSIS

"Under Rule 69(a) of the Federal Rules of Civil Procedure, a federal court must follow relevant state law in a proceeding to execute on a judgment, unless a federal statute dictates otherwise." *Schreiber v. Kellogg*, 50 F.3d 264, 267 (3d Cir.

1995).[2] No federal statute governs the execution of local default and foreclosure judgments. As such, the Court looks at Virgin Islands law to determine whether Northfield may execute on the July 27, 2004, Judgment.

A judgment in the Virgin Islands has a lifespan of twenty years, and thus it may be enforced within that time frame. See V.I. CODE ANN., tit. 5, § 31(1)(B); *Creque v. Creque*, 19 V.I. 408, 1983 WL 889868, *4 (Terr. Ct. 1983). Enforcement during that period is not entirely within the discretion of the judgment creditor. Indeed, "[t]itle 5, section 488 of the Virgin Islands Code ("Section 488") requires that a judgment creditor seeking execution five or more years after entry of the judgment must obtain leave of the court by motion." *Chase Manhattan Bank N.A. v. Stapleton*, Civ. No. 1993-29, 2008 WL 2995349, at *2 (D.V.I. July 31, 2008). That section outlines certain conditions that must be satisfied before the Court may grant leave to execute a judgment that is older than five years.

In pertinent part, Section 488 provides:

1) The party in whose favor a judgment was given shall file a motion with the clerk of the court where the judgment was entered for leave to issue an execution. The motion shall state the names of the

---

[2] Federal Rule of Civil Procedure 69(a) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69.

> parties to the judgment, the date of its entry, and the amount claimed to be due thereon, or the particular property on which the possession was thereby adjudged to such party remaining undelivered. The motion shall be subscribed and verified in like manner as a complaint in an action.
>
> 2) At any time after filing such motion the party may cause a summons to be served on the judgment debtor in like manner and with like effect as in an action. In case such judgment debtor is dead, the summons may be served upon his representative by publication as in the case of a non-resident, or by actual service of the summons.
>
> 3) The summons shall be substantially the same as in an action, but instead of a notice therein required it shall state the amount claimed or the property sought to be recovered, in the manner prescribed in subdivision (1) of this section.
>
> 4) The judgment debtor, or his representatives in case of his death, may file an answer to such motion within the time allowed to answer a complaint in an action, alleging any defense to such motion which may exist. If no answer is filed within the time prescribed the motion shall be allowed of course.
>
> 5) The word "representative" in this section shall be deemed to include any or all of the persons mentioned in subdivision (2) of section 473 of this title, in whose possession property of the judgment debtor may be which is liable to be taken and sold or delivered in satisfaction of the execution and not otherwise.
>
> 6) The order shall specify the amount for which execution is to issue, or the particular property possession of which is to be delivered; it shall be entered in the minutes and docketed as a judgment.

5 V.I.C. § 488.

Applying that standard, Northfield's petition is wanting. When a plaintiff seeks to execute on a judgement, federal statutory requirements apply. *See* Fed. R. Civ. P. 69(a)(1)("The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). The Soldiers and Sailors Act (the "Act") "applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance." 50 U.S.C. § 3931(a). That Act provides that:

> In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--
>
> **(A)** stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> **(B)** if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

*Id.* at § 3931(b)(1)

The Court is satisfied that that requirement must be satisfied because the Act applies to all proceedings, not just all actions. 50 U.S.C. § 3931(a). Also, Virgin Islands law provides that an order granting Northfield's motion for leave to

execute must be docketed as a judgment. *See* 5 V.I.C. § 488(6). As such, the affidavit requirement in the Act must be satisfied before judgment is entered for a plaintiff. *See* 50 U.S.C. § 3931(a). Northfield has not submitted the required affidavit.

Until that happens, Northfield cannot obtain the relief it seeks.

The premises considered, it is hereby

**ORDERED** that Northfield's petition to execute upon the July 27, 2004, Judgment is **DENIED** without prejudice.

S\_____
**Curtis V. Gómez**
**District Judge**